03-00592
USDC/R.I.
Laqueux, R.

# MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 04-1071

RAMON A. ABREU,

Petitioner,

v.

UNITED STATES,

Respondent.

---

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

**JUDGMENT**
**Entered: April 7, 2005**

Construing a filing by Ramon Alfredo Abreu as a second or successive motion pursuant to 28 U.S.C. § 2255, the district court transferred the matter to this court. Abreu contests the district court's characterization and contends, rather, that the filing was a proper motion filed pursuant to Fed. R. Civ. P. 60(b), seeking reconsideration of a new trial motion that Abreu filed in the district court in 1990 pursuant to Fed. R. Crim. P. 33.

This appeal fails no matter how Abreu's most recent filing is characterized. Assuming that it should be viewed, as Abreu would have it, as a Rule 60(b) motion, Abreu points to no authority for the proposition that a Rule of *Civil* Procedure, such as Fed. R. Civ. P. 60(b), applies to obtain reconsideration of the denial of a motion submitted pursuant to a Rule of *Criminal* Procedure, such as Fed. R. Crim. P. 33. Cf. Eubanks v. United States, 11 F. Supp. 2d 455, 466 (S.D. N.Y. 1998)(denying reconsideration of the denial of a Rule 33 motion on the ground that the Federal Rules of Criminal Procedure do not contemplate reconsideration of a denial under Rule 33). Justice Stevens' dissent from the dismissal of

certiorari in Abdur'Rahman v. Bell, 537 U.S. 88 (2002) (per curiam), even apart from the fact that its precedential value is not as Abreu suggests,[1] does not aid Abreu because it discussed the filing of a Rule 60(b) motion seeking relief from "final orders entered in habeas corpus proceedings," not from an order denying a Rule 33 motion, which is the relief Abreu is seeking. Abdur'Rahman v. Bell, 537 U.S. at 89 (Stevens, J., dissenting). Moreover, in contrast to a Rule 33 motion, the Federal Rules of Civil Procedure *are* applicable to habeas proceedings, filed either pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255. See Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts and Rule 12 of the Rules Governing § 2255 Proceedings for the United States District Courts. Abreu, here, is not contending that his so-called Rule 60(b) motion is directed at the denial of any prior § 2255 motion that he filed, but, rather, that it is directed at the denial of his previously-filed Rule 33 new trial motion.[2]

Since the district court's transfer of the matter to this court, Abreu has filed a "supplemental authority", citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and seeking to add a claim that the amount of drugs was not charged in his indictment, violating his Sixth Amendment right to a jury trial. The motion Abreu filed in the district court did not raise any issue as to

---

[1]The Court in Abdur'Rahman dismissed, as improvidently granted, the writ of certiorari previously issued. Abdur'Rahman v. Bell, 537 U.S. at 89. Justice Stevens wrote a dissent from the dismissal of the writ of certiorari. Contrary to Abreu's apparent impression, there is no Court opinion on the merits and Justice Stevens' opinion has no precedential value. See Purcell v. BankAtlantic Financial Corp., 85 F.3d 1508, 1513 (11th Cir. 1996) (a dissent from an order dismissing a writ of certiorari as improvidently granted does not tell us how a majority of the Court would decide the case).

We are aware that the Court has again granted a writ of certiorari to consider the same issue originally presented in Abdur'Rahman. See Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253 (11th Cir. 2004), cert. granted, 125 S. Ct. 961 (2005). For the reasons set forth in this judgment, we conclude that, however the Court may resolve the Gonzalez case, our resolution of this matter would be unaffected.

[2]Even were we to construe his Rule 60(b) motion as seeking relief from a habeas proceeding -- a dubious proposition since the Rule 33 motion was filed and denied prior to the entry of a final judgment -- the same claim was previously rejected in Abreu v. United States, No. 98-2058 (1st Cir. Sept. 2, 1999). It is no more availing now than it was then.

drug quantity and Abreu can not add a new claim after the matter has been transferred to this court. We add, moreover, that in any event, since Abreu has already filed at least one previous section 2255 motion, see Abreu v. United States, 19 F.3d 1427 (1st Cir. 1994) (affirming the denial of a § 2255 motion) (unpublished per curiam), this new claim would transform the motion into a second or successive section 2255 motion. Under the relevant gatekeeping provision, a new rule of constitutional law can form the basis for a second or successive section 2255 motion only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255, ¶8(2). Even assuming, without deciding, that Blakely and United States v. Booker, 125 S. Ct. 738 (2005), announce "a new rule of constitutional law . . . that was not previously available, 28 U.S.C. § 2255, ¶8(2), to date, the Supreme Court has not declared its rulings in either Blakely or Booker to be retroactive to cases on collateral review. If the Supreme Court eventually makes the Blakely/Booker rule retroactive, Abreu may at that time attempt a claim by seeking authorization to file a second or successive section 2255 petition. Until that time, however, the instant application, to the extent that it relies on Blakely or Booker, must be considered premature.

Whether the filing transferred to this court is treated as a Rule 60(b) motion or an application for leave to file a second or successive motion in the district court pursuant to 28 U.S.C. § 2255, the relief Abreu seeks is denied and the appeal is dismissed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

George Khatos

**Deputy Clerk**

**Date:** 5/30/05

[cc: Ramon A. Abreu, James H. Leavey, AUSA, Donald Lockhart, AUSA]